Peck, J.,
delivered the opinion of the court:
Augustus Hubbell represents that he was lately captain and commissary of subsistence in the United States volunteers, appointed as such on the thirteenth day of March, 1865, and assigned to duty with *528 the first brigade, second division, provisional corps, General H. G. Wright, corps commander, General G. Mott, division commander, and General De Trobriand, brigade commander; which corps, division and brigade was stationed at Bailey’s Crossroads, Virginia, preparatory to being mustered out; that on the 17th day of July, 1865, he had on hand the sum of nine hundred and seventy-six dollars, the property of the United States, intrusted to him in his capacity as captain as aforesaid, which was stolen from him by some person or persons to him unknown, without fault or neglect on his part while in the line of his duty ; which aforesaid sum is stopped agaiDSt him by the accounting officers of the Treasury Department, and be now asks relief under the act of Congress approved May 9, 1866, in that behalf. In support of his petition he offers his own and the depositions of four witnesses.
It appears that this money was kept in a box, which was enclosed in a leather valise, and the whole deposited in his tent, which was in the proximity of other tents, between which a sentinel was kept, who was on his beat between the tents all the hours of the day and night.
Captain Hubbell swears that this money was in his tent at night; that he was called away early in the morning on business, and when he returned to his tent some hours afterwards he found that his valise had been opened, the tin box taken from it and broken open, and that the money had been stolen. Although he made diligent inquiry and search for the money, he has never been able to trace it or recover it. The officer immediately in command of claimant, who was examined as a witness, testifies that he kept his money in the same way in which this petitioner kept that which was stolen, and does not impute any blame to the petitioner. We think the testimony shows that the petitioner exercised as much care and diligence as was reasonable in the position and under the circumstances in which he was placed, and that no fault or neglect can well be imputed to him, and that he should have the benefit of a decree directing the accounting officers to credit him with the said sum of nine hundred and seventy dollars, ($970,) that sum having been lost by him without fault or neglect while in the line of his duty.